# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## DELTA DIVISION

**FRAZIER TODD, Jr.**                                              **PETITIONER**


**No. 2:24-CV-00056 BSM/PSH**

**GARRETT, Warden,**
**FCC-Forrest City Low**                                        **RESPONDENT**


### ORDER

Petitioner Frazier Todd, Jr., ("Todd") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on March 22, 2024.  The petition is not a direct challenge to Todd's conviction. Rather, he claims he was denied due process and a fundamentally fair hearing when his unit team used erroneous information in his presentence report to deny his equal protection rights.  Specifically, Todd alleges he was deemed ineligible for transfer to different, less restrictive housing (Todd refers to this as "CAMP") because his presentence report erroneously reflects he was previously convicted of a sex offense.  For relief, Todd asks that the Court direct the Bureau of Prisons remove the erroneous information from his file.

Respondent Chad Garrett ("Garrett") moves to dismiss the petition, arguing the Court lacks subject matter jurisdiction over the petition itself.  Garrett contends Todd is not challenging his conviction or his sentence and is not seeking early release

from incarceration.  Garrett views this petition as a challenge to the conditions-of-confinement, not to the fact or duration, of Todd's sentence.

Before giving serious consideration to Garrett's assertions, the Court accords Todd an opportunity to file a reply.  The Court is mindful that the Eighth Circuit has instructed that, where a *pro se* prisoner has improperly raised a "potentially viable" conditions-of-confinement claim in a habeas action, the Court must liberally construe the filing and "recharacterize [the] claim into the correct procedural vehicle" instead of dismissing for lack of jurisdiction.  *Spencer v. Haynes*, 774 F.3d 467, 471 (8th Cir. 2014).  Before recharacterizing such a claim, however, the Court should "first obtain the consent of the *pro se* individual."  *Id.*

In the reply, Todd should explain why his petition should not be dismissed for the reasons advanced by Garrett.  Todd may also consent to the conversion of the case if he desires.  If the Court determines this case is not properly filed as a habeas case and if Todd declines to consent to the conversion of the case, then the Court will recommend dismissal for lack of jurisdiction. Todd is given up to, and including, June 24, 2024, to file a reply.

IT IS SO ORDERED this 3rd day of June, 2024.

_____
UNITED STATES MAGISTRATE JUDGE