# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# DELTA DIVISION

**FRAZIER TODD, Jr.**                                                             **PETITIONER**

No. 2:24-CV-00056 BSM/PSH

**GARRETT, Warden,**
**FCC-Forrest City**                                                        **RESPONDENT**

## FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court Clerk within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Petitioner Frazier Todd, Jr. ("Todd") filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on March 22, 2024. The petition is not a direct challenge to Todd's conviction.[1] Rather, he claims he was denied due process and a

1

fundamentally fair hearing when his unit team relied on erroneous information in his presence report to violate his equal protection rights. Specifically, Todd alleges he was deemed ineligible for transfer to different, less restrictive housing (Todd refers to this as "CAMP") because his presentence report erroneously reflects he was previously convicted of a sex offense. For relief, Todd asks that the Court direct the Bureau of Prisons remove the erroneous information from his file.

Respondent Chad Garrett ("Garrett") moves to dismiss the petition, arguing the Court lacks subject matter jurisdiction over the petition itself. Garrett contends Todd is not challenging his conviction or his sentence and is not seeking early release from incarceration. Garrett views this petition as a challenge to the conditions-of-confinement, not to the fact or duration of Todd's sentence.

By Order dated June 3, 2024, Todd was notified of his opportunity to explain why the petition should not be dismissed for the reasons set forth in Garrett's motion to dismiss. Further, Todd was notified of his option to consent to the conversion of the case into a conditions-of-confinement case. Doc. No. 8. Todd has not responded to the Court's Order.

Todd's challenge to his eligibility for transfer to less restrictive housing is not an attack on the duration of his confinement nor upon the constitutionality of his incarceration. *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973). The relief sought by

Todd would, if successful, possibly impact the *location* where he might serve his term of imprisonment. However, the duration of his sentence would not be altered nor would his underlying conviction be upended. Such a claim is not cognizable under § 2241. *See Vaughan v. Hendrix*, No. 219CV00046DPMJTR, 2019 WL 4412290, at *2 (E.D. Ark. Aug. 20, 2019), (report and recommendation adopted as modified), No. 2:19-CV-46-DPM, 2019 WL 4411960 (E.D. Ark. Sept. 13, 2019); *Rodebaugh v. Haynes*, No. 2:13-cv-00011-DPM-BD, 2013 WL 1001436 (E.D. Ark. March 13, 2013) (Order adopting Recommended Disposition and dismissing, for lack of habeas corpus jurisdiction, Rodebaugh's § 2241 Petition challenging the BOP's Sex Offender PSF designation); and *Butler v. Outlaw*, No. 2:08-cv-00192-JLH/JTR, 2010 WL 1417910 (E.D. Ark. April 6, 2010) (Order adopting Recommended Disposition concluding petitioner's due process challenge to his Sex Offender PSF failed to state a cognizable § 2241 claim, especially since the only adverse consequences alleged were inability to participate in certain programs and ineligibility for transfer to a camp facility).

The motion to dismiss for lack of subject matter jurisdiction should be granted and the § 2241 petition for writ of habeas corpus should be dismissed without prejudice.

IT IS SO ORDERED this 1st day of July, 2024.

_____
UNITED STATES MAGISTRATE JUDGE